# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 22, 2020

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1292-CR**

Cir. Ct. No. **2015CF3740**

## STATE OF WISCONSIN

### IN COURT OF APPEALS
### DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT

V.

ROBERT DEQUAN BROWN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: TIMOTHY M. WITKOWIAK and JANET C. PROTASIEWICZ, Judges. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Robert Dequan Brown entered into a plea agreement with the State and pled guilty to two drug-related felonies and two counts of being a felon in possession of a firearm.  After sentencing, he filed a postconviction motion seeking to withdraw his guilty pleas on the grounds that his trial counsel provided ineffective assistance by failing to move to suppress evidence seized from Brown's vehicle.  The trial court heard oral argument on Brown's motion and denied it without hearing any testimony after concluding that Brown lacked standing to challenge the warrantless search of his vehicle.  We affirm on a different basis:  the record conclusively demonstrates that the police had probable cause to search the vehicle, so a suppression motion would not have been granted.  Therefore, Brown cannot demonstrate that trial counsel was ineffective for failing to file a suppression motion.  Accordingly, we affirm the judgment and the order.

## BACKGROUND

¶2     Brown's appellate brief provides a helpful summary of the facts that were presented in the criminal complaint and police reports, which we will use to provide the background for this case.

> On August 18, 2015, around 2:41 p.m., Officer Shane R. Wrucke of the Wauwatosa Police Department was checking license plates in the Mayfair Mall parking lot. Officer Wrucke came upon a vehicle in the lot adjacent to the Macy's store that bore a temporary license plate.[1]  He stopped his squad and ran the plate – discovering that [the plate] had been reported as missing or stolen.  Officer Wrucke then approached the front driver side of the car to view the VIN number in the front windshield area.

---

[1] According to the criminal complaint, the officer also observed that one of the vehicle's small rear windows was broken, which caused the officer to suspect the vehicle could be stolen.

While Officer Wrucke was still standing at the car, Robert Dequan Brown exited Mayfair Mall and approached. With shopping bags in hand containing purchases he made that day, Mr. Brown inquired what the officer was doing with the vehicle. Mr. Brown began walking away from the car and returned about 15 seconds later. At that time, he told the officer that the car was his and opened the rear passenger side door briefly before closing it. Next, Mr. Brown walked around his car and went to the driver's door and pulled the handle. Officer Wrucke observed this and noted the car was locked. The officer then asked Mr. Brown for his identifying information, and Mr. Brown responded by running away. At that same time, Officer Thomas B. Orlowski, Officer Marcus A. Klink and Officer Joel R. Kutz were arriving on scene in the North Macy's lot near Mayfair Mall.

Officer Wrucke gave chase and followed Mr. Brown, who stopped, turned and surrendered a short distance from his vehicle and while still in the Mayfair Mall complex. Mr. Brown was handcuffed and his body and shopping bags were searched. On his person were the keys to the vehicle he was driving. No illegal items were recovered from his body or bags.[2] Mr. Brown was escorted to a squad car, placed into the rear seat and taken to the nearby police department.

After Mr. Brown was placed in custody and put into the squad car, officers returned to his vehicle and conducted a full search of the cabin of the car. Prior to the search, police had not obtained Mr. Brown's consent to search the car, nor attempted to obtain a warrant allowing them to do so. The keys recovered on Mr. Brown were in fact the keys to the vehicle. Mr. Brown was also determined to be the legally registered owner of the car.

(Record citations omitted.)

¶3     When the police officers searched Brown's vehicle, they found a marijuana cigarette (referred to as a "blunt") in the center cup holder and a plastic sandwich bag filled with marijuana in the center console. The officers also found

---

[2] The officers found three cell phones on lanyards around Brown's neck and over $5000 in cash in Brown's pants pockets.

a backpack in the backseat that contained two small digital scales, a small glass baby food jar and cigar, an open box of baking soda, an open box of sandwich bags, and several bags of powders that were later determined to be cocaine, cocaine base, and heroin. In addition, the officers found two handguns in the backpack. The criminal complaint alleged that these items, as well as the amount of currency and the number of cell phones recovered from Brown, suggested that Brown was involved in "street level sales" of illegal drugs.

¶4     Brown did not file any pretrial motions. Instead, he entered into a plea agreement with the State pursuant to which he pled guilty as charged in exchange for the State's global recommendation of six to eight years of initial confinement and its commitment not to issue charges for another incident. The trial court subsequently imposed consecutive and concurrent sentences totaling seven years of initial confinement and seven years of extended supervision.

¶5     As noted, Brown filed a postconviction motion seeking to withdraw his guilty pleas. He asserted that trial counsel provided ineffective assistance by failing to move to suppress the drugs and guns seized from Brown's vehicle. He argued that a suppression motion would have been granted because the officers illegally searched Brown's vehicle "without consent, without a warrant and without probable cause."

¶6     In response, the State argued that the motion should be denied because Brown would not have prevailed if a motion to suppress had been filed. The State said that the motion would have been denied because Brown lacked standing to challenge the search of the vehicle. In the alternative, the State argued that, even if Brown had standing, the motion still would have been denied because the officers had probable cause to search the vehicle. Specifically, the State

4

argued that the following facts provided probable cause: Officer Wrunke looked through the windshield and saw a blunt in the cupholder, smelled marijuana "emanating from the rear broken window," and observed Brown's "suspicious" behavior. The State noted that Brown's suspicious behavior included telling Wrunke that the vehicle was not his, then saying it was, opening and closing the vehicle's rear door, trying to open the driver's door, and fleeing on foot.

¶7 The trial court heard oral argument on the standing issue. The trial court concluded that Brown lacked standing and, on that basis, it denied the motion without hearing testimony from trial counsel, the police officers, or Brown. This appeal follows.

## LEGAL STANDARDS

¶8 A defendant who seeks to withdraw a plea after sentencing must establish by clear and convincing evidence that withdrawal is necessary to avoid a manifest injustice. *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906. One way to establish a manifest injustice is to demonstrate that the defendant received ineffective assistance of trial counsel. *State v. Dillard*, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44.

¶9 To prevail on an ineffective assistance claim, a defendant must show that counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice in the context of a request for plea withdrawal, a defendant must demonstrate "that there is a reasonable probability that, but for the counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial." *State v. Bentley*, 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996) (citation omitted). Our review of an

ineffective assistance claim presents a mixed question of fact and law. *See State v. Erickson*, 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999). We uphold the postconviction court's findings of fact unless they are clearly erroneous. *See id.* However, the ultimate determinations of whether counsel's performance was deficient and prejudicial are questions of law that we review independently. *See id.*

¶10 When a defendant files a postconviction motion, the defendant must allege sufficient material facts that, if true, would entitle the defendant to relief. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. If the defendant does so, the trial court must hold an evidentiary hearing on the defendant's motion. *Id.* However, if the "motion does not raise facts sufficient to entitle the [defendant] to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Id.* Whether the motion alleges sufficient facts to entitle the defendant to a hearing presents a question of law, which we review *de novo*. *See id.*

## DISCUSSION

¶11 At issue is whether trial counsel provided ineffective assistance by failing to file a suppression motion. If the suppression motion would have been denied, then Brown cannot demonstrate ineffective assistance, and the basis for his motion for plea withdrawal fails. *See Dillard*, 358 Wis. 2d 543, ¶¶83-84 (recognizing that demonstrating ineffective assistance of counsel can be one way to establish a manifest injustice that justifies plea withdrawal after sentencing).

¶12     Brown argues that the trial court erred when it concluded that his suppression motion would have been denied on grounds that he lacked standing to challenge the warrantless search of his vehicle. In contrast, the State argues that the trial court's conclusion on standing was correct and that this court can affirm on that basis.

¶13     The State argues, in the alternative, that this court can choose to affirm on a basis not relied on by the trial court: that the suppression motion would have been denied because Officer Wrunke had probable cause to search Brown's vehicle. *See State v. Tompkins*, 144 Wis. 2d 116, 137-38, 423 N.W.2d 823 (1988) ("We hold that where the police have probable cause to believe that evidence of a crime is in an automobile, a search may be made of the automobile without a search warrant and without a showing of exigent circumstances."); *State v. Earl*, 2009 WI App 99, ¶18 n.8, 320 Wis. 2d 639, 770 N.W.2d 755 ("On appeal, we may affirm on different grounds than those relied on by the trial court.").

¶14     Specifically, the State asserts that Wrunke's observation of the blunt in the cupholder, the smell of marijuana emanating through the broken window, Wrunke's observations of Brown, and the totality of the circumstances provided probable cause. Recognizing that Brown previously disputed whether the blunt could be seen and the marijuana could be smelled, the State argues:

> [E]ven without the blunt or an odor of marijuana, there still was probable cause to search the vehicle. Again, the vehicle was parked in a lot where stolen cars had recently been recovered. It had a stolen temporary license plate attached to it, and a telling broken-out small rear window. Moreover, Brown's conduct was furtive. He approached and retreated from the officer, disclaimed and claimed ownership of the vehicle, opened one door only to shut it quickly as the officer approached, and he fled. He was then arrested with the [vehicle] keys, three cell phones, and over $5,000 in cash on his person. These circumstances are "sufficient in themselves to warrant a man of reasonable

7

caution in the belief that" an offense had been or was being committed, and support more than a mere possibility that the vehicle contained evidence of a crime. *Carroll v. United States*, 267 U.S. 132, 162 (1925); *Tompkins*, 144 Wis. 2d at 125.

(Bolding added.)

¶15    We agree with the State "that the record conclusively demonstrates" that the officers had probable cause to search the vehicle and, therefore, Brown was not entitled to an evidentiary hearing or other relief. *See Allen*, 274 Wis. 2d 568, ¶9. At the outset, we reject Brown's argument that "[t]his is not a case in which undisputed facts can be applied to the law." We recognize that Brown has disputed the officer's observation of the blunt in the cupholder and, to a lesser extent, the officer's assertion that he smelled marijuana. Even without relying on those disputed facts, there are sufficient undisputed facts that demonstrate the officers had probable cause to search the vehicle.

¶16    Specifically, the vehicle was parked in a lot where stolen cars were reported and it had a broken rear window. A stolen license plate was displayed on the vehicle. Further, Brown acted suspiciously near the vehicle and then fled from the officers. He also had in his possession a large amount of cash and three cell phones. Based on those facts, it was "reasonable to believe in the circumstances that particular evidence or contraband may be located at a place sought to be searched[.]" *See Tompkins*, 144 Wis. 2d at 125. The officers could reasonably believe that they would discover evidence in the vehicle related to the theft of the license plate and a break-in of the vehicle, as well as contraband including illegal drugs.

¶17   In summary, we conclude that the undisputed facts provided probable cause for the officers to search the vehicle.[3]   The record conclusively demonstrates that trial counsel's failure to file a suppression motion did not constitute ineffective assistance.   *See Allen*, 274 Wis. 2d 568, ¶9.   Therefore, Brown was not entitled to an evidentiary hearing or plea withdrawal.   *See id.*   For these reasons, we affirm the judgment and order.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)(5).

---

[3] The fact that the officers could have obtained a search warrant does not affect our analysis.  *See State v. Tompkins*, 144 Wis. 2d 116, 128, 423 N.W.2d 823 (1988) (holding that officers can search a vehicle if they have probable cause, and the fact they "could have obtained a search warrant" does not alter the analysis).